Statement of the Case.
NICHOLLS, C. J.
Plaintiff alleges that he is the owner of a taxable real estate situated in what is known as the Second Ward of the parish of St. Bernard, La., and that the said property is subjected to taxation, and that at the meeting held on June 1, 1903, the police jury of the parish of St. Bernard, pretending to act by authority of law, but in *385 fact without any lawful authority so to do, passed an ordinance calling a special election by the property tax payers for the parish of St. Bernard, to be held July 23, 1903, and then and there to accept or reject a proposition to leyy an annual 2½-mill tax for a period of 40 years on all the taxable property of the parish of St. Bernard for the purpose of paying the principal and the interest of $50,000 of 40-year 5 per cent, bonds, which bonds were to be issued and sold, and the proceeds thereof used in the construction, maintenance, and building of the highways, roads, and streets throughout the parish of St. Bernard. That, in accordance with the terms of said ordinance, the president of the police jury issued his notice or proclamation of said special election.
That the supervisors of election of the parish of St. Bernard issued their notice designating polling places, and appointed commissioners and clerks of said special election.
That the said police jury at its meeting held July 6, 1903, resolved to meet in the courthouse of said parish on July 25, 1903, for the purpose of canvassing, compiling, and promulgating the returns of said special election.
That the said election was held on July 23, 1903, and was carried in favor of the levy of said tax, the issuance and sale of said bonds, and the construction and maintenance of the roads and streets of the said parish of St. Bernard, by a vote of 190 taxpayers, owning $218,831.45 of property, in favor of said tax, as against a vote of 2 taxpayers, owning $4,-791, voting against said tax. That the said result of said election was duly promulgated by the police jury.
That, in pursuance of the promulgation of the results of said special election, the said police jury met in regular session on August 3, 1903, and adopted an ordinance carrying into effect the result of said election, by levying the said annual tax of 2½ mills on all the taxable property of the parish for a period of 40 years, and authorizing the issuance and sale of $50,000 of 40-year 5 per cent, bonds for the purposes hereinbefore designated.
That in pursuance of said last-named ordinance the president of the said police jury advertised for proposals for the sale of said bonds.
That the said police jury for the parish of St. Bernard was without authority in law to call a special election by the qualified electors and taxpayers of the said parish to vote upon the question of the levying of a 2½-mill tax on the taxable property of the parish of St. Bernard for a period of 40 years, and the issuance of $50,000 of 40-year 5 per cent, bonds, the proceeds of sale of which were to be used in constructing, building, and maintaining the public roads, streets, and highways of the parish of St. Bernard. That the qualified electors and taxpayers of the parish of St. Bernard were without authority in law to vote upon such a proposition, and that the police jury of the parish of St. Bernard was without authority in law to pass an ordinance levying said tax and issuing said bonds as aforesaid, and that all of said proceedings were contrary to the Constitution of the state of Louisiana, absolutely illegal, null, void, and of no effect, for the reason that article 291 of the Constitution of the state of- Louisiana of the year 1898 provides specially how the public roads of a parish may be constructed and maintained, and provides the means and manner whereby funds may be procured for said purpose. That said article 291 of the Constitution first requires the subdivision by the police jury of the said parish into road districts, and the police jury is then authorized to appropriate 1 mill of its general tax for the said road purpose, and, in the event that said sum is insufficient, a per capita tax of $1 and a 'vehicle license tax are provided to be levied; it being the intent of the said article that the users of the said road shall pay for its con *387 struction and maintenance, and, when all sources of revenue are insufficient for the purpose, and only then, the taxpayers may vote special taxes on their property for road purposes, but such taxes shall not be for more than 5 mills per annum, nor for a greater length of time than five years; nor is the issuance of bonds secured by said taxes provided for or authorized by said law. That, if it be contended that the tax and bonds herein contested were authorized under the provisions of article 281 of the said Constitution, then said article 281, being earlier in number, anterior in passage, and concerning public improvements of a general character, must yield to the later article 291, which is specifically and entirely devoted to the subject of the public roads of parishes, and that therefore said police jury was without authority to extend a tax levy for road purposes to the great length of 40 years, nor was it authorized to issue 40-year bonds secured thereby.
That he was unable to, and did not, participate in or vote at said election, owing to his absence at the time. That the police jury of the parish of St. Bernard, unless restrained by the court, would persist in its levy of the said unconstitutional 2½-mill tax for a period of 40 years, and would proceed unto the issuance and sale of the $50,-000 of 5 per cent. 40-year bonds, and Would therefore burden illegally and unjustly, to the extent of over $2,000, the property of petitioner situated in said parish.
In view of the premises, he prayed that the police jury of the parish of St. Bernard be duly cited; that, after due proceedings had, there be judgment in favor of plaintiff and against defendant, decreeing all of the proceedings of the said police jury of the parish of St. Bernard, and the property taxpayers and the qualified electors of said parish, directing the levy and levying the said annual 2½-mill tax on the taxable property of the parish of St. Bernard for a period of 40 years, and authorizing the issuance and sale of $50,000 of 40-year 5 per cent, bonds, the proceeds of sale of which to be used for the purpose of constructing, building, and maintaining the public roads, streets, and highways of the parish of St. Bernard, to be contrary to article 291 of the Constitution of 1898, and therefore absolutely illegal, null, and void, and of no effect, and that an injunction do issue herein perpetually enjoining and restraining the police jury of the parish of St. Bernard from enforcing the said tax, or from issuing and selling the said bonds; and he further prayed for such further general and equitable relief as might become necessary in the premises.
For answer, defendants alleged that the petition of plaintiff, with the exhibits made part thereof, correctly recited and set forth in detail all that had been done by defendants themselves and the property tax payers of the parish of St. Bernard who voted at the special election held on July 23, 1903; that it was under article 281 of the Constitution of 1898 that the property tax payers had authorized the parish, through the police jury, to incur a debt of $50,000, and to issue negotiable bonds therefor, and, for the payment of said bonds, to levy and assess upon all the property subject to taxation in the parish a special tax of 2½ mills per annum during a period of 40 years; that every requirement of said article 281 had been complied with, and every formality prescribed by Act No. 145, p. 248, of 1902, amending and reenacting Act No. 5, p. 7, of the Extra Session of 1899, entitled “An act to carry into effect article No. 281 of the Constitution of 1898,” etc., had been faithfully observed.
They further denied that there was any conflict between said article 281 and article 291 of the Constitution of 1898.
In view of the premises, they prayed that the plaintiff’s demand be rejected, with costs, and that there be judgment in their favor, decreeing that all the acts done and proceed *389 ings taken by them and the property tax payers were entirely lawful, and were valid and binding, and that the parish of St. Bernard, through its police jury, was fully authorized to incur the debt and to issue the bonds, and, for the payment of said bonds, to levy and assess for 40 years the special tax of 2½ mills approved and voted for by the property tax payers of said parish at the special election held on the 23d day of July, 1903. And further prayed for general relief.
The district judge rendered judgment in favor of the defendants and against the plaintiff, and the plaintiff appealed.
In plaintiff’s brief it is said: “That the point at issue was one essentially of the constitutionality of the tax levy and bond issue. If the purposes of levying the tax and issuing the bonds, as set forth in the ordinance of the police jury, to wit, ‘the money to be derived from the sale of said bonds to be devoted exclusively to the construction and maintenance of the public highways and streets of the parish of St. Bernard,’ be within the intendment and provision of article 281 of the Constitution of 1S98, then there could be no contention as to the constitutionality of the tax levy and bond issue, for every provision of the Constitution and law had been faithfully observed, and the voters of the parish voted almost unanimously in favor of the tax. That plaintiff contended, however, for the reasons assigned in his petition, that it was error to suppose that article 281 of the Constitution of 1898 was the proper article to proceed under, and that the only legal article for the police jury to proceed under, and 'the only legal authorization for tax levies for road construction purposes, was found under article 291 of that Constitution, and, as the latter article did not authorize bond issues, and limited the duration of tax levies to five years, the ordinance authorizing a forty-year bond issue and a forty-year levy of taxation exceeded the limit by thirty-five years, and was therefore unconstitutional.
“That article 281 was found under the heading ‘Parochial and Municipal Corporations,’ while article 291 was found under the heading ‘Public Roads.’ That the only reference article 281 makes of the subject of public roads is found in the words ‘nor shall such bonds be issued for any other purpose than for paving and improving streets, roads and alleys, * * *’ which occur towards the latter part of the first paragraph of the article, and is but one of several authorized purposes of public improvement.
“Article 291, subsequent to that article, is devoted exclusively to the subject of raising bonds ‘for the purpose of constructing, maintaining and repairing the public roads and bridges of the parishes,’ and makes no reference to municipal corporations. There is unquestionably a serious conflict between the two articles, and it becomes necessary to determine which one of these applies to the instant case. We must have recourse to the rules of constitutional construction in reaching our conclusions, and we are at the same time aided by the verbiage of the ordinance itself in the setting forth of the purposes of the tax levy.
“Plaintiff contends that article 291 governs, and that the tax levy and bond issue are unconstitutional, because: (1) The purposes of the tax levy as set forth in 'the ordinance, contemplate the construction of the public roads. Article 281 makes no reference to construction, but contemplates the paving and improvement of roads already constructed. (2) Article 291 provides particularly for the construction of public roads, and is in exact accord with the purposes set forth in the ordinance. 13) Article 281 refers to many different purposes of public improvement, and, in its reference to roads, considers both municipal and parochial highways, while article 291 confines itself exclusively to roads and bridges, and refers to parish roads alone.
*391 “While all recognize the necessity and advantage of good roads and bridges, and while it is the duty of the courts to reconcile constitutional provisions when it is possible to do so, in dealing with constitutional provisions they have not the same latitude in construction that they have with statutes. Am. & Eng. Ency. of Law (2d Ed.) vol. 6, p. 921. * * * With this restriction in view, we find that article 291, devoted exclusively to the particular subject of public roads, is all-sufficient to provide the funds for their construction and maintenance, and that we are only bothered by the fact that hidden away in article 281 is an accidental reference to streets, roads, and alleys, without even designating them as public.
“Another rule of construction is found on pages 926 and 927 of the authority just recited, in the following words:
“ ‘But when the Constitution speaks in plain language in reference to a particular matter, the courts have no right to place a different meaning on the words employed because the literal interpretation may happen to be inconsistent with other parts of the instrument, in relation to other subjects. * * * In case of an irreconcilable conflict between the provisions of a constitution, that which is more specific in subject-matter will usually prevail, as against a more general one.’
“Besides this, article 291 is subsequent to article 281 by a difference of ten articles, and, being the last expression of legislative will, must control. See, on this point, Sutherland on Statutory Construction (Ed. 1891) pp. 368, 283; Am. & Eng. En. of Law (1st Ed.) vol. 23, pp. 483, 485.”
Defendant’s counsel contends that the two articles provide for cases altogether distinct, and applicable to conditions and under circumstances quite different. Under article 291, there must, first of all, be a formation of the parish into road districts. Then the funds needed must be raised by the police jury in the following manner: (a) By the setting aside of at least one mill per annum of the ordinary taxes levied; (b) by the imposition of a per capita tax of not more than one dollar per annum upon each able-bodied male inhabitant of the parish between the ages of eighteen and fifty-five years; (c) by the imposition of an annual license of not less than twenty-five cents, nor more than one dollar, upon each vehicle used for locomotion over the public roads of the parish.
“When all these sources of revenue prove insufficient, or are corisidered inadequate, then (but only 'then) ‘other taxes’ may be levied, with the consent of the taxpayers, as set forth in article 291.
“It is as to those ‘other taxes’ or ‘additional taxes,’ composed over and above all the other sums of revenue or particular taxes from which the police jury is to derive the needed funds ‘for road and bridge purposes’ (in the road districts of the parish), that the limit of five years exis,ts.
“Article 281 contains no such limitation, and seems to deal with conditions entirely different. Under that article the property taxpayers may authorize the ‘parish to incur debt and to issue negotiable bonds up to the one-tenth of the assessed valuation of all the property within the parish, and to levy and collect special taxes, provided said taxes do not exceed five mills on the dollar in any one year for a greater number of years than forty years. In the instant case the taxpayers and the police jury proceeded under article 281, and not under article 291.
“It will not do to say that the language of the ordinance submitted to and voted upon and adopted by the taxpayers conforms rather to the terms used in article 291, than to those used in article 281. True, the words of article 291 are ‘for the purpose of constructing, maintaining and repairing the public roads and bridges of the parish,’ and the words of article 281 are ‘for the paving and improving of streets, roads and alleys’; but *393 the words ‘paving and improving’ are certainly large enough to include the contemplated improvement of all the roads (those already existing and those to be constructed) in the parish of St. Bernard. There is no conflict between the two articles.”
The first article in the Constitution of 1898 in reference to taxation is article 224, found under the heading “Revenue and Taxation.” It declares that “the taxing power may be exercised by the General Assembly for state purposes and by parishes and municipal corporations and public boards under authority granted to them by the General Assembly for parish, municipal and local purposes strictly public in their nature.”
This article is followed by article 232, which provides that “the state tax on property for all purposes whatever, including expense of government, schools, levees, and interest, shall not exceed, in any one year, six mills on the dollar of its assessed valuation, and except as otherwise provided in this Constitution, no parish, municipal or public board tax for all purposes whatsoever, shall exceed in any one year ten mills on the dollar of valuation: provided, that for giving additional support to public schools, and for the purpose of erecting and constructing public buildings, public school houses, bridges, wharves, levees, sewerage work and other works of permanent public improvement, the title to which shall be in the public, any parish, municipal corporation, ward or school district, may levy a special tax in excess of said limitation, whenever the rate of such increase and the number of years it is to be levied and the purposes for which the tax is intended, shall have been submitted to a vote of the property tax payers of such parish, municipality, ward or school district entitled to vote under the election laws of the state, and a majority of the same in numbers and in value voting at such election shall have voted therefor.”
Under the special heading “Corporations and Corporate Rights” will be found articles 270 and 281, the first granting the General Assembly power by general laws to authorize parochial, ward, and municipal authorities of the state, by a vote of 'a majority of the property tax payers in number, entitled to vote under the provisions of the Constitution, and in value, to levy special taxes in aid of the public improvement and railway, enterprises, and under the conditions and limitations therein declared.
Article 281 declares that “municipal corporations, parish and drainage districts, the city of New Orleans excepted, when authorized to do, by a vote of a majority in number and amount of the property tax payers, qualified as electors under the Constitution and laws of this state, voting at an election held for that purpose, after due notice of said' election has been published for thirty days in the official journal of the municipality or parish, and where there is no official journal in a newspaper published therein, may incur debt, and issue negotiable bonds therefor, to the extent of one-tenth of the assessed valuation of the property within said municipal corporation, parish or drainage district as shown by the last assessment made prior to the submission of the proposition to the property tax payers as above provided, and may be authorized by the property tax payers voting at said election to levy and assess special taxes upon property subject to taxation in the parish drainage district or corporation: provided, said taxes so imposed do not exceed five mills on the dollar of the assessed valuation in any one year, nor run for a greater number of years than, the number named in the proposition submitted to the taxpayers. No bonds shall be .issued for any other purpose than stated ip the submission of the proposition to the. taxpayers, and published for thirty days, as aforesaid, nor for a. greater amount than therein mentioned, nor shall such bonds b.e issued for any other purpose than for paving and improving streets, roads and alleys, *395 purchasing or constructing a system of waterworks, sewerage, drainage, lights, public parks and buildings, bridges, and other works of public improvement, the title to which shall vest in the municipal corporation, parish or drainage district, as the case may be, nor shall such bonds run for a longer period than forty years from their date, or bear a greater rate of interest than five per cent, per annum, or be sold by the municipal- corporation, parish or drainage district issuing same for less than par.
“The municipal corporation, parish or drainage district issuing such bonds shall provide for the payment of the interest annually or semiannually, and the principal thereof at maturity: provided, that the total issue of bonds by any municipality, parish or drainage district, for all purposes, shall never exceed ten per cent, of the assessed value of the property in such municipality, parish or drainage district. Provided, that drainage districts availing themselves of the provisions of this ordinance shall be limited to the rate of taxation herein fixed; and such districts shall be prohibited from levying contributions under the provisions of existing laws, and provided further that nothing herein contained shall prevent drainage districts from being established under the provisions of existing laws.”
Under the special heading “Public Roads” is found article 291, which reads as follows: “The police juries of this state may form their respective parishes into road districts; and in order to raise funds for the purpose of constructing, maintaining and repairing the public roads and bridges of their parishes they are authorized to set aside at least one mill per annum of the taxes levied by them, and to impose a per capita tax of not more than one dollar per annum upon each able-bodied male inhabitant of the parish between the ages of eighteen and fifty-five years and to levy an annual license of not less than twenty-five cents, nor more than one dollar, per annum, upon each vehicle, including bicycles, kept and used for locomotion over public roads, in their respective parishes, which license may be graduated. The provisions of this article relative to the per eaifita tax shall not be operative in incorporated towns and cities that maintain their own streets.
“To carry into effect the provisions of this article the police juries may enact such ordinances of a civil nature as may be necessary to enforce the property and license tax, and of a criminal nature to enforce the per capita tax. Other taxes may be levied by the police juries for road and bridge purposes not to exceed five mills for five years on the property of the parish, or any ward thereof, where the rate of taxation and the purpose thereof shall have been submitted to the property tax payers of said ward or parish entitled to- vote under the election laws of the state, and a majority in numbers and value of those voting at said election shall have voted in favor thereof.”
Opinion.
The language of article 291 of the Constitution of 1898 indicates clearly that the convention intended to provide and provided for increase of taxation for road and bridge purposes, not only for the roads and bridges of particular road districts, which it seemed to assume would be coterminous with that of wards, but also for roads and bridges generally throughout the parish. It authorized the increase for the roads generally, if consented to by the property tax payers of the entire parish, in which event the tax would be levied upon the property throughout the parish on the basis of its assessment, and authorized the increase in particular wards, if consented to by the property tax payers of that particular ward, in which event the taxes would be levied upon the property in that particular ward on the basis of the assessment of the property in that ward.
*397 An examination of the language of article 281 of the Constitution shows that while it contains an enumeration of the precise objects for the purposes of which, under the article, debt may be incurred and bonds issued, the article deals with the incurring of debt and the issuing of bonds by three distinct bodies, each having jurisdiction and authority over different subjects, and that the permissive provisions of the article are intended to apply to each body only in respect to the particular subject-matter over which it has administration, and in respect to that to the extent granted, though the limitation upon the objects for which debt can be incurred and bonds issued in common to all three. For instance, drainage districts having nothing whatever to do with lighting plants and public parks or places, it is very evident that the reference to those objects in the article is not directed to them. The same may be said of parishes, as to the paving and improvement of streets, roads, and alleys. Those matters are matters with .vhich municipal corporations are intrusted. We think, so far as those objects are concerned, the provisions of the article are directed to cities, not to parishes.
This conclusion carries with it the setting aside of all of the acts and proceedings of the police jury of St. Bernard parish set forth in plaintiff’s petition, and disclosed by the exhibits offered in evidence, and the reversal of the judgment appealed from. For the reasons herein assigned, judgment is hereby rendered in favor of the plaintiff, Thomas Favolora, against the police jury of the parish of St. Bernard; and it is hereby ordered, adjudged, and decreed that all of the proceedings of the police jury of the parish of St. Bernard, and the action of the taxpayers of that parish under and by virtue of the same, are hereby declared illegal and unauthorized, null and void, and of no effect, and the same are set aside; and it is further ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and plaintiff’s demand sustained, at defendant’s costs in both courts.